**FILED**

JUL 3 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Cynthia Mewborn, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1261** |
| | ) | |
| United States Environmental Protection Agency *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a complaint upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

Plaintiff is a District of Columbia resident suing the United States Environmental Protection Agency ("EPA"), the United States Coast Guard, and BP oil company for property damage and personal injury. Compl. at 2. Plaintiff alleges that defendants promised to use her "ideas for stopping the oil leak off of the Coast of Mexico in 2010 . . . .," *id.*, but apparently reneged. Plaintiff also alleges that defendants in fact stole her "Dome Cap" idea and used it. *Id.* She seeks a total of $400 million in damages.

Plaintiff does not allege that her ideas are patented, trademarked or otherwise registered for protection. Nor is there any indication in the complaint's allegations and attachments that plaintiff and defendants established a legal relationship of any kind. To the contrary, plaintiff

attaches a letter from EPA that, among other things, thanks her for her submission and informs her that "[s]ince the Deepwater Horizon oil rig exploded, the federal government has received more than 20,000 suggestions and technology solutions from vendors and other members of the public in the United States and abroad. The EPA alone has received more than 2,000 suggestions each of which were reviewed in an orderly and expeditious manner." Compl. Attach. Given the nature of plaintiff's suggestions, EPA informed her that it was forwarding her submission to the Coast Guard. *Id.* Plaintiff also attaches an email message purportedly from Lara Autry whom plaintiff alleges told her in a telephone conversation "that [EPA] not only wanted to use one of my idea[s] . . . I had submitted in stopping the [oil] leak[,] but that they wanted all of my ideas and that three of my ideas were being implemented [b]y [the Coast Guard]." Compl. at 1. Autry's email, however, makes no such representations and, like the EPA's letter, is a letter generally thanking plaintiff for her "continued thoughts and ideas to help with such an unfortunate disaster." Compl. Attach.

Not only does the complaint fail to state a cognizable claim but it also presents the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). "A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). Since the instant complaint qualifies for such treatment, it will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: July 26, 2012